UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREKA LONG,

    Petitioner,                                    Civil No. 05-CV-40079-FL
                                                        HONORABLE PAUL V. GADOLA
v.                                                       UNITED STATES DISTRICT JUDGE

CLARICE STOVALL,

    Respondent,

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Andreka Long, presently confined at the Scott Correctional Facility in Plymouth, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her *pro se* application, Petitioner challenges her conviction for second-degree murder, M.C.L.A. 750.317. For the reasons stated below, the petition for writ of habeas corpus is denied.

**I. Background**

Petitioner was convicted of second-degree murder, in violation of M.C.L.A. 750.317, following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts regarding Petitioner's conviction from the Michigan Court of Appeals' opinion affirming her conviction. Such facts are presumed correct on habeas review. *See Monroe v. Smith,* 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001).

> Here, there was evidence presented at trial that defendant fought with the victim on two prior occasions during the day of the incident. On the first occasion, defendant approached the victim with a knife, and then defendant and codefendant, Ruben Jordan, proceeded to beat the victim until the victim ran into a store. On the second

occasion, defendant found the victim and went after her with a champagne bottle; however, a bystander intervened, took the bottle, and pushed defendant back into her car. Defendant then went to Jordan's house and informed him about that confrontation. Jordan then went inside his house and retrieved a gun. Defendant, Jordan, and LaTonya McGhee then began to drive around and look for the victim. Defendant asked people where the victim could be found. After the group found the victim, McGhee drove around the corner and stopped the car. Meanwhile, defendant told Jordan to give her the gun so that she could go and "shoot up into the car," but Jordan stated that he would do it. Defendant indicated, in her statement, that she asked Jordan for the gun because she wanted to shoot the victim. It was Jordan, however, who exited the car, shot several times, and upon his return to the car, stated, "I got that ho," or "I've got that bitch."

*People v. Long,* No. 237016, 2003 WL 21702520, at * 4 (Mich. Ct. App. July 22, 2003).

Petitioner's conviction was affirmed on appeal. *Id.; lv. den.* 469 Mich. 1012, 677 N.W.2d 26 (2004). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. THE TRIAL COURT VIOLATED [PETITIONER'S] DUE PROCESS RIGHT AGAINST COMPULSORY SELF-INCRIMINATION BY REFUSING TO SUPPRESS HER STATEMENT TO THE POLICE, WHICH WAS MADE WHILE SHE WAS SUFFERING FROM A SERIOUS INFECTION WHICH REQUIRED HOSPITALIZATION, AND INDUCED BY A PROMISE THAT SHE WOULD RECEIVE MEDICAL ATTENTION.

II. [PETITIONER] WAS DENIED A FAIR TRIAL WHERE THE JURY WAS PERMITTED TO CONSIDER THE CHARGE OF PREMEDITATED MURDER EVEN THOUGH IT [WAS] UNSUPPORTED BY LEGALLY SUFFICIENT EVIDENCE, RESULTING IN AN IMPROPER COMPROMISE VERDICT.

III. [PETITIONER'S] CONVICTION MUST BE REVERSED WHERE THE PROSECUTION FAILED TO PRESENT SUFFICIENT EVIDENCE OF GUILT BEYOND A REASONABLE DOUBT.

IV. [PETITIONER] IS ENTITLED TO RESENTENCING WHERE THE TRIAL COURT CLEARLY ERRED IN SCORING 25 POINTS FOR OFFENSE VARIABLE 6 OG [SIC] THE SENTENCING GUIDELINES WHERE THE NECESSARY FACTUAL SUPPORT WAS NOT SHOWN BY A PREPONDERANCE OF THE EVIDENCE, MAKING THE SENTENCE A DEPARTURE FROM THE GUIDELINE ABSENT COMPLIANCE WITH

DEPARTMENT REQUIREMENTS.

Pet. for Writ of Habeas Corpus, pp. 7-8.

## II. Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

## III. Discussion.

### A. The involuntary confession claim.

Petitioner claims that her confession should have been suppressed at the trial because she was coerced into making the confession. Petitioner claims that she was suffering from a serious infection at the time of the interrogation and the police refused to obtain medical treatment for her until she provided them with a signed statement.

The trial court conducted an evidentiary hearing on the admissibility of Petitioner's statements. At the hearing, Detective Simon testified that Petitioner did not appear to be sick or in need of medical attention at the time of the interrogation. Detective Simon also denied making any promises to Petitioner. Petitioner testified that she told the detective that she was feeling ill and was informed by Simon that she could go to the hospital only after making a statement. Petitioner introduced medical records which showed that she was admitted to the hospital for abdominal pain on the same evening that she made her statement to the police. Petitioner was diagnosed with pelvic inflammatory disease secondary to gonococcal infection with a secondary diagnosis of hemangioma versus adenoma of the left lobe of the liver. Petitioner was treated with antibiotics and pain medication.

At the conclusion of the fact finding, the trial court credited Detective Simon's testimony that Petitioner had failed to indicate to the detective that she was ill at the time of the interrogation. The trial court further found that Detective Simon had not made any promises of medical treatment to Petitioner to induce her to make her statement. In so ruling, the trial court noted that the waiver of rights form that Petitioner executed at the time of the interrogation included a statement that indicated that no promises had been made to Petitioner to induce her confession. The trial court noted that the medical records introduced by Petitioner indicated that her pain "waxed and wained"

4

while she was hospitalized; sometimes Petitioner suffered from pain and sometimes she did not. Consequently, the trial court concluded that although Petitioner may have been suffering from pain at certain times during the investigation, the pain was not intense enough to affect "her powers of resistance to self-control." Additionally, the trial court found that although the medical records indicated that Petitioner was crying out in pain at the time of her admission to the hospital, the court found that her condition did not manifest itself to that degree until after the interrogation with Detective Simon had ended. (Tr. 03/09/2001, pp. 14-18).

In considering a federal habeas petition, a federal district court must presume the correctness of state court factual determinations; a habeas petitioner may rebut this presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F. 3d 652, 656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1). A presumption of correctness also applies to subsidiary factual questions when determining the voluntariness of a statement to police. *Miller v. Fenton*, 474 U.S. 104, 112 (1985). In the instant case, Petitioner has failed to present clear and convincing evidence to rebut the presumption of correctness as to the trial court's finding that her statement was voluntarily made. *See Pritchett v. Pitcher*, 117 F. 3d 959, 963-64 (6th Cir. 1997). Consequently, because she has failed to rebut the presumption of correctness, Petitioner is not now entitled to challenge on habeas review, the trial court's determination of the voluntary nature of her incriminating statements. *See Walendzinski v. Renico,* 354 F. Supp. 2d 752, 760 (E.D. Mich. 2005). Petitioner is therefore not entitled to habeas relief on her first claim.

### B. The compromise verdict claim.

In her second claim, Petitioner claims that her conviction stemmed from an improper

5

compromise verdict following the failure of the trial court to direct a verdict on the first degree murder charge.

First, to the extent that Petitioner relies on state law to support her claim, she is not entitled to habeas relief. *See Skrzycki v. Lafler*, 347 F. Supp.2d 448, 453 (E.D. Mich. 2004) (citing *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)). Second, "[C]learly established Supreme Court law provides that a defendant has a right not to be *convicted* except upon proof of every element of a crime beyond a reasonable doubt; the Supreme Court has never held that the submission of a charge, upon which there is insufficient evidence, violates a defendant's constitutional rights where the defendant is acquitted of that charge." *Id.* (emphasis original)*; See also Aldrich v. Bock,* 327 F. Supp. 2d 743, 761-62 (E.D. Mich. 2004). Additionally, a number of cases have held that the submission to a jury of a criminal charge constitutes harmless error where the habeas petitioner is acquitted of that charge. *Daniels v. Burke*, 83 F. 3d 760, 765, fn. 4 (6th Cir. 1996); *Aldrich,* 327 F. Supp. 2d at 761; *Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001); *But see Williams v. Jones*, 231 F. Supp. 2d 586, 593-94 (E.D. Mich. 2002) (finding this claim cognizable). In light of the fact that Petitioner was acquitted of the first-degree murder charge, any error in submitting this charge to the jury was harmless. Consequently, Petitioner is not entitled to habeas relief on her second claim.

### C. The sufficiency of evidence claim.

Petitioner next claims that there was insufficient evidence to convict her of second-degree murder. The Michigan Court of Appeals has previously considered and rejected this claim, finding that a rational trier of fact could find from the evidence presented that Petitioner aided and abetted

6

in the commission of second-degree murder. *Long,* 2003 WL 21702520, at * 4. The Michigan Court of Appeals noted that Petitioner gave encouragement to the shooter, co-defendant Jordan, by telling him about her prior altercation with the victim, by driving around with him knowing that he was armed with a gun, by asking people where the victim could be located, and by asking Jordan to give her the gun because she wanted to shoot the victim. *Id.* at * 4-5.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002). The scope of review in a federal habeas proceeding as to the sufficiency of evidence in a state criminal prosecution "is extremely limited and a habeas court must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state and defer to that resolution." *Terry v. Bock,* 208 F. Supp. 2d 780, 794 (E.D. Mich. 2002).

Under Michigan law, conviction of second-degree murder requires proof of: (1) a death; (2) caused by an act of the defendant; (3) with malice; and (4) without justification or excuse. *Kelley v. Jackson,* 353 F. Supp. 2d 887, 891 (E.D. Mich. 2005)(citing *People v. Goecke*, 457 Mich. 442, 463-64; 579 N.W. 2d 868 (1998)). To prove malice, the prosecution must establish that the defendant has the intent to kill or do great bodily harm, or has created and disregarded a very high

7

risk of death. *Id.* Malice for second-degree murder can be inferred from evidence that the defendant intentionally set in motion a force likely to cause death or great bodily harm. *People v. Djordjevic*, 230 Mich. App. 459, 462; 584 N.W.2d 610 (1998); *see also Hill v. Hofbauer,* 195 F. Supp. 2d 871, 885 (E.D. Mich. 2001). The offense of second-degree murder "does not require an actual intent to harm or kill, but only the intent to do an act that is in obvious disregard of life-endangering consequences." *People v. Mayhew*, 236 Mich. App. 112, 125; 600 N. W. 2d 370 (1999).

In order to be guilty of aiding and abetting under Michigan law, the accused must take some conscious action designed to make the criminal venture succeed. *Fuller v. Anderson,* 662 F. 2d 420, 424 (6th Cir. 1981). Aiding and abetting describes all forms of assistance rendered to the perpetrator of the crime and comprehends all words or deeds which might support, encourage, or incite the commission of the crime. *People v. Turner*, 213 Mich. App. 558, 568; 540 N.W. 2d 728 (1995). The quantum or amount of aid, advice, encouragement, or counsel rendered, or the time of rendering, is not material if it had the effect of inducing the commission of the crime. *People v. Lawton*; 196 Mich. App. 341, 352; 492 N. W. 2d 810 (1992).

To be convicted of aiding and abetting, the defendant must either possess the required intent to commit the crime or have participated while knowing that the principal had the requisite intent; such intent may be inferred from circumstantial evidence. *People v. Wilson*, 196 Mich. App. 604, 614; 493 N.W. 2d 471 (1992). The intent of an aider and abettor is satisfied by proof that he knew the principal's intent when he gave aid or assistance to the principal. *People v. McCray*, 210 Mich. App. 9, 14; 533 N. W. 2d 359 (1995). An aider and abettor's state of mind may be inferred from

8

all of the facts and circumstances, including close association between the defendant and the principal, the defendant's participation in the planning and execution of the crime, and evidence of flight after the crime. *People v. Turner,* 213 Mich. App. at 568-69.

Petitioner claims that the evidence, at best, establishes her mere presence at the time that the crime was committed. Mere presence, even with knowledge that a crime is being committed, is insufficient to establish that a defendant aided and abetted in the commission of the offense. *People v. Norris*, 236 Mich. App. 411, 419-20; 600 N.W. 2d 658 (1999); *Fuller*, 662 F. 2d at 424. However, a claim of mere presence is not a "catch-all excuse" to defeat an inference of guilt beyond a reasonable doubt. In evaluating a "mere presence" defense, a fact-finder must distinguish, based upon the totality of the circumstances, between one who is merely present at the scene and one who is present with criminal culpability. *See Duran v. Pepe*, 899 F. Supp. 839, 843 (D. Mass. 1995). An aider and abettor who is intentionally present during the commission of a crime may be silent during the crime's commission, "but by his demeanor, or through behavior and acts not directly related to the crime, provide 'moral support' that is recognizable to, and relied upon by, the principal. Such acts may be silent and may not be overt but may still amount to more than 'mere' presence." *Sanford v. Yukins,* 288 F. 3d 855, 862 (6th Cir. 2002). Michigan's "broad definition" of aiding and abetting "easily encompasses situations where the alleged aider and abettor, although silent and not committing acts directly related to the crime, was not 'merely' present, but providing emotional encouragement and support." *Id.*

When viewed in a light most favorable to the prosecution, the evidence clearly established that Petitioner aided and abetted in the victim's murder. Petitioner in formed her co-defendant,

9

Ruben Jordan, about her prior altercation with the victim. Petitioner drove around with Jordan knowing that he was armed with a weapon and helped him to locate the victim. Petitioner told Detective Simon that she asked Jordan for the gun so that she could shoot the victim. The Michigan Court of Appeals' determination that there was sufficient evidence to convict Petitioner of second-degree murder was an objectively reasonable application of clearly established federal law, where there was compelling evidence that Petitioner aided and abetted this crime. *See Dillard v. Prelesnik,* 156 F. Supp. 2d 798, 808-09 (E.D. Mich. 2001). Petitioner is not entitled to habeas relief on her third claim.

### D. The sentencing guidelines claim.

Petitioner's last claim is that the trial court erred in scoring offense variable 6 of the Michigan Sentencing Guidelines. Considering this claim, the state trial court's allegedly improper interpretation of the state's sentencing guidelines is not a cognizable claim for federal habeas review. *Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004) (Gadola, J.). Petitioner has no state-created liberty interest in having the Michigan Sentencing Guidelines applied rigidly in determining her sentence. *Id.* Petitioner's claim that the offense variables of sentencing guidelines were incorrectly scored thus fails to state a claim upon which habeas relief can be granted. *Shanks,* 387 F. Supp. 2d at 752*; See also Cook v. Stegall,* 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Accordingly, Petitioner is not entitled to relief on this claim.

### E. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, before a Petitioner may appeal a decision of this Court, the Court must determine if Petitioner is entitled to a COA. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App.

P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880 at 893, n.4 (1983)).

In applying the above standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). "When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition," a federal court should "limit its examination to a threshold inquiry into the underlying merit of his claims." *Id.* at 323.

After conducting the required inquiry, and for the reasons stated in the order above, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right with respect to any of the claims presented. *See* 28 U.S.C. § 2253(c)(2). Petitioner should not receive any encouragement to proceed further. *Slack*, 529 U.S. at 484. Because the Court can discern no good faith basis for an appeal, *see Miller-El*, 537 U.S. at 338, any appeal would be frivolous. The Court will therefore deny a certificate of appealability.

## IV. CONCLUSION

After a thorough review of Petitioner's four claims, the Court concludes that Petitioner is not entitled to relief on any of the four claims.

Accordingly, **IT IS HEREBY ORDERED** that the petition for a writ of habeas corpus [docket entry 1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED.**

Dated:   September 20, 2006                         s/Paul V. Gadola
                                                    HONORABLE PAUL V. GADOLA
                                                    UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on September 21, 2006 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                            William C. Campbell                         , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                 Andreka Long                         .


                                                    s/Ruth A. Brissaud
                                                    Ruth A. Brissaud, Case Manager
                                                    (810) 341-7845

---